```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                      Case No. 8:18-cr-271-T-33AAS

ALEJANDRO TORRES

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Alejandro Torres's Motion for Compassionate Release or, in the Alternative, Home Confinement/Deportation to Colombia (Doc. # 86), filed on September 24, 2020. The United States responded on October 7, 2020. (Doc. # 89). For the reasons set forth below, the Motion is denied.

**I.   Background**

On January 4, 2019, this Court sentenced Torres to ninety months' imprisonment and sixty months' supervised release after Torres pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. # 59). Torres is sixty-one years old

1

and his projected release date from Reeves Correctional Institute is October 12, 2024. (Doc. # 86 at 1).

In his Motion, Torres requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his age, and his underlying health conditions, which include diabetes, hypertension, an ulcer, obesity, neuropathy, high cholesterol, and pain in his legs and back. (Id. at 3-4). Alternatively, Torres's Motion can be construed as requesting that the Court grant him home confinement. (Id. at 1, 7). Because Torres is a citizen and national of Colombia, his request for home confinement also includes a request for deportation to his home country. (Id.). The United States has responded. (Doc. # 89). The Motion is now ripe for review.

**II.   Discussion**

    **A.   Request for Home Confinement or Deportation**

To the extent that Torres's Motion is construed as requesting that the Court grant him home confinement and deportation to Colombia, it must be denied. This Court has no authority to direct the Bureau of Prisons (BOP) to place Torres in home confinement, either in his requested country

2

of Colombia or elsewhere. Such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Torres's construed request for home confinement and deportation falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

   B.  **Request for Compassionate Release**

Torres's request for a reduction in sentence is also denied. A term of imprisonment may be modified only in limited

3

circumstances. 18 U.S.C. § 3582(c). Torres argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The United States argues that Torres's Motion should be denied because he has failed to exhaust his administrative

4

remedies. (Doc. # 89 at 13-14). The Court agrees. Torres alleges that he initially "wrote to Warden on 7/20/2020. His denial came on 7/22/2020." (Doc. # 86 at 3). Torres continues, "I wrote BP-10 after that on 7/23/2020 but received no response yet, copy attached as exhibit 2." (Id.). But Torres does not attach any proof of correspondence with the warden, nor any request to the BOP dated July 23, 2020. Torres only attaches a request to the BOP dated September 12, 2020. (Id. at 17). Torres filed the instant Motion on September 24, 2020, a mere twelve days later. (Id.).

Thus, at the time of filing, Torres failed to show that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," nor had "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.' But before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty

days to respond.") (internal citations omitted).

Regardless, the Court concludes that even if Torres did exhaust his administrative remedies, the Motion should be denied on the merits. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Torres bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Torres alleges that his age and underlying health conditions (diabetes, hypertension, an ulcer, obesity, neuropathy, high cholesterol, and pain in his legs and back) make him especially susceptible to COVID-19 (Doc. # 86), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability

to care for himself in his facility. See USSG §1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Bailey, 2020 WL 3883659, at *2 (W.D.N.C. July 9, 2020) (denying 72-year-old inmate's motion for compassionate release, despite his "high blood pressure, high cholesterol, and atrial fibrillation," because those conditions were controlled and "the Defendant's age, standing alone, [was] not an extraordinary and compelling reason to reduce his sentence").

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

7

spread." Raia, 954 F.3d at 597. Thus, Torres has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

While Torres's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

8

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Alejandro Torres's pro se Motion for Compassionate Release (Doc. # 86) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of October, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE